IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YVONNE MART FOX, GRANT NESHEIM,
DANIELLE DUCKLEY, and SHELLY KITSIS,
individually and on behalf of all others similarly
situated,

                    Plaintiffs,

  v.

IOWA HEALTH SYSTEM
d.b.a. UNITYPOINT HEALTH,

                    Defendant.

OPINION and ORDER

18-cv-327-jdp

---

      Plaintiffs in this proposed class action brought 14 claims against defendant Iowa Health System, d.b.a. UnityPoint Health, regarding its alleged failure to protect plaintiffs' personal data in two data breaches. Dkt. 22. After the court granted UnityPoint's motion to dismiss in part, this left plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, as well as plaintiffs Yvonne Mart Fox and Grant Neshheim's claims under Wisconsin's healthcare-record confidentiality statute and their Wisconsin-law negligence and negligence per se claims. Dkt. 55.

      Plaintiffs have filed an unopposed motion for preliminary approval of a proposed settlement of this lawsuit. Dkt. 84. In their motion, plaintiffs seek conditional class certification, appointment of class representatives and class counsel, approval of a proposed notice plan, and appointment of a claims administrator. The court will grant the motion, direct plaintiffs to send notice to the class members, set a deadline for a motion for final approval, and set a date for a telephonic fairness hearing.

ANALYSIS

A. **Class certification**

The parties propose the following class definition for purposes of settlement:

> [A]ll Persons to whom UnityPoint sent notification that their personal information and/or protected health information may have been or was exposed to unauthorized third parties as a result of the data security incidents described as the First Data Breach and the Second Data Breach in the Second Amended Class Action Complaint.

Dkt. 85-1, ¶ 17(z). Although the parties have settled, the court must still certify that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23.

Rule 23(a) requires the proposed class to meet four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Numerosity requires the proposed class to be so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a). The court of appeals has deemed classes of 40 members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). UnityPoint sent notification as described in the proposed class definition to approximately 1.4 million customers, so numerosity is easily met.

Commonality requires that the action involve "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In other words, a proposed class meets this requirement if "determining the truth or falsity of [a] common contention will resolve an issue that is central to the validity of each claim." *Chi. Teachers Union, Local No. 1. v. Bd. of Educ.*, 797 F.3d 426, 434 (7th Cir. 2015). Plaintiffs' claims involve many common questions, including whether UnityPoint was contractually obliged to protect class members' data, whether UnityPoint failed to take reasonable measures to protect that data, whether the data breaches were caused by such failures, and whether class members are entitled to relief because of the data breaches. These questions will be answered by evidence that applies to all plaintiffs, such as what

contracts UnityPoint has with its customers, what security measures UnityPoint took before the data breaches, and the ways in which UnityPoint's data was breached. So commonality is met as well.

Typicality requires the class representatives' claims to be typical of the claims of the proposed class. Plaintiffs suffered the same baseline harm that all members of the proposed class suffered—their personal data was exposed during the data breaches, exposing them to the threat of future identity theft and fraud. *See Lewert v. P.F. Chang's China Bistro*, 819 F.3d 963, 966–67 (7th Cir. 2016) (discussing concrete harm of "increased risk of fraudulent charges and identity theft" resulting from data breach). Nothing in plaintiffs' declarations suggests that their claims differ in any fundamental way from other class members' claims. *See* Dkts. 89–92. They have satisfied this requirement.

Adequacy of representation has two components: (1) whether the class representatives' interests are aligned with the class's interests; and (2) whether class counsel can capably litigate the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). The court sees no apparent conflicts between the named plaintiffs' interests and those of the rest of the class. Plaintiffs' counsel has capably litigated the case so far, surviving defendants' motion to dismiss, and nothing in the litigation up to this point calls counsel's capabilities into question. So this requirement is met as well.

In addition to satisfying Rule 23(a)'s four prerequisites, the proposed class must also satisfy the requirements of one of Rule 23(b)'s three subsections. Plaintiffs contend that this action satisfies Rule 23(b)(3), which requires that the action's common questions of law or fact predominate over questions that affect only individual members, and that the controversy would best be resolved through a class action. To determine whether common questions

3

predominate, the court considers (1) the class members' interests in individually controlling their own claims; (2) the nature and extent of any other litigation about the controversy; (3) the desirability of concentrating the litigation here; and (4) any management challenges that the case may present. Fed. R. Civ. P. 23(b)(3).

First, although individual class members have an interest in controlling their own claims, they also have an interest in efficiently resolving their claims, which a class action and the proposed settlement provide. Individual litigation of each class member's claims would be expensive and time-consuming, and the cost of litigation would likely exceed any recovery. Second, there is no indication that any class members are pursuing other litigation related to the claims at issue in this case. Third, consolidating the common issues and resolving them in one case is efficient. Fourth, the case presents no management difficulties because the parties have settled. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (courts need not inquire into management difficulties when considering class certification for purposes of settlement). So the predominance requirement is satisfied.

Superiority is also satisfied. This action involves a large number of low-value claims. Resolving those claims through a class action will save time and expense for both the class members and UnityPoint, and it will also conserve court resources.

The proposed class satisfies all of Rule 23's requirements, so the court will certify the proposed class for settlement purposes.

B.  **Preliminary approval**

The class has been certified, so the court must determine whether to preliminarily approve the proposed settlement. The settlement, Dkt. 85-1, would provide one year of credit monitoring for all class members, deferable for up to one year. It would reimburse class

4

members for 100 percent of what the agreement describes as "ordinary" out-of-pocket expenses, most notably costs and up to three hours of lost time for purchasing credit monitoring services and requesting credit freezes, up to $1,000. It would also reimburse class members for 100 percent of costs and up to 10 hours of lost time incurred responding to actual identity theft, up to $6,000. Class members must document their actual costs but aren't required to document their lost time, which will be reimbursed at $15 per hour. The settlement does not cap the total amount of monetary benefits available to the class, meaning that all class members who submit valid claims will be reimbursed for the full amount of their expenses up to the stated limits, regardless of how many class members submit claims. The settlement would also require UnityPoint to adopt a set of security measures to reduce the risk of future data breaches. And it would award plaintiffs' counsel up to $1,575,000 in fees and costs, with service awards of up to $2,500 for each of the four named plaintiffs. In sum, all class members will receive a year of free credit monitoring and will benefit from UnityPoint's improved security measures, and all class members who have incurred actual expenses, including lost time, will be reimbursed for those expenses up to the agreement's limits.

The court has reviewed the terms of the proposed settlement and concludes that they are "within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). The court has also reviewed the proposed notice to the class and finds that it complies with the requirements of Federal Rule of Civil Procedure 23. So the court will grant plaintiffs' motion for preliminary approval.

The parties may have until November 2, 2020, to disseminate notice to the class, giving the class members 60 days to object to or opt out of the settlement and 120 days to submit

claim forms. This is a lengthy notice and claim period, but the proposed class is large—approximately 1.4 million people—so the extra time is warranted. Plaintiffs may have until December 2, 2020, to file a motion for final approval addressing the issues in Rule 23(e)(2). Plaintiffs' counsel may have until December 2, 2020, to file a motion for attorney fees. In that motion, counsel should justify the reasonableness of their proposed fee, including information that would allow the court to calculate the lodestar as a cross-check on the fee's reasonableness, *see Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011). The court's procedures for motions for attorney fees are included on page 39 of the packet attached to the pretrial conference order, Dkt. 68. The court will hold a final fairness hearing via Zoom on February 19, 2021, at 2:00 p.m.

Entered September 16, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

claim forms. This is a lengthy notice and claim period, but the proposed class is large—approximately 1.4 million people—so the extra time is warranted. Plaintiffs may have until December 2, 2020, to file a motion for final approval addressing the issues in Rule 23(e)(2). Plaintiffs' counsel may have until December 2, 2020, to file a motion for attorney fees. In that motion, counsel should justify the reasonableness of their proposed fee, including information that would allow the court to calculate the lodestar as a cross-check on the fee's reasonableness, *see Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011). The court's procedures for motions for attorney fees are included on page 39 of the packet attached to the pretrial conference order, Dkt. 68. The court will hold a final fairness hearing via Zoom on February 19, 2021, at 2:00 p.m.

Entered September 16, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge